## WELLER v. HARRISON LAND CO.

1. Appeal and Error—Assignment—Sufficiency.

Where the court below directed a verdict for defendant on the ground of estoppel of plaintiff's grantor and lessor, and refused a motion for a new trial on the same ground, an assignment of error that the court erred in directing a verdict of no cause of action is sufficient.

2. Estoppel—Acts of Grantor and Lessor.

In an action by the owner of land, who was also tenant of another tract of land under the same grantor, against a prior grantor to recover damages for the flooding of the premises due to the filling up of a ravine across a street at the time it was laid out, where it appeared that when the ravine was filled plaintiff's grantor and lessor was in the employ of the defendant and was a foreman working by the day; that he hired some of the men and teams, and made up the pay roll; that the money was paid to him, and that he paid the men, *held*, that plaintiff was not estopped by the acts of such vendor and lessor from claiming damages caused by the flooding of the premises.

3. Same—Acquiescence.

Acquiescence does not always work a complete estoppel.

4. Same—Reliance upon Acts.

Reliance upon the acts and conduct of a grantor and lessor to the injury of the party complaining is an essential element to work an estoppel against the grantee and tenant.

5. Trial—Evidence—Conflict of Testimony—Directed Verdict.

The weight to be given the conflicting testimony of witnesses and to what extent the testimony is weakened by their conduct, their appearance, or the testimony of other witnesses, is for the jury and not for the court.

Error to Kent; Perkins, J. Submitted January 18, 1917. (Docket No. 71.) Decided March 30, 1917.

Case by John Weller against the Harrison Land Company, Limited, for damages for flooding plaintiff's

lands.  Judgment for defendant on a directed verdict.
Plaintiff brings error.  Reversed.

*George C. Brown,* for appellant.

*Norris, McPherson, Harrington & Waer,* for appellee.

FELLOWS, J.  We find no difficulty in reaching the conclusion, from the authorities and upon principle, that where the estate of the landlord or grantor has been burdened with a servitude prior to the execution of the lease or grant, the lessee or grantee holds subject to such servitude; therefore we agree with defendant that if prior to the lease to plaintiff his lessor had charged the premises in question with the servitude of permitting the surface water to stand and remain on the premises in question, the plaintiff cannot recover.  Nor do we find difficulty in reaching the conclusion that if plaintiff's landlord or grantor had planned, and, using his own judgment as to the proper place for drainage, created the obstruction which prevented the flow of surface water from his land, and the defendant had relied upon his judgment as to the proper place for drainage, he is estopped from claiming that the drainage should have been at another point, and that the defendant is liable either at his suit or that of his lessee or grantee, subsequent to the placing of the obstruction.  The difficulty we encounter in following the defendant to the conclusion that this judgment should be affirmed lies in the fact that the undisputed facts appearing in this record do not, as matter of law, bring the case within the rules above stated.  The plaintiff is the tenant of one Martin Zweers of premises on the west side of a street called High avenue, in the city of Grand Rapids, and, it would appear, was the grantee of Zweers of a five-acre parcel in the rear of those leased.  High avenue runs north

and south, and was laid out by the defendant and graded in August and September, 1914, as a part of a piece of land it was platting. It crosses a small ravine six or seven feet deep, which was filled up in the street at the time of the grading. Plaintiff, claiming this ravine to be a natural water course and that its obstruction causes the water to back up and flood his premises, brings this action.

The court directed a verdict for the defendant on the ground of estoppel of Zweers, refused a motion for a new trial on the same ground, and this presents the sole question here. It is properly raised by the first assignment of error. *Wolfe* v. *Stack*, 153 Mich. 445 (116 N. W. 1010).

The undisputed testimony showed that when this ravine was filled Zweers was in the employ of defendant and was the foreman, working by the day; that he hired some of the men and teams, made up the pay roll; the money was paid to him, and he paid the men. This is as far as we are able to say the undisputed testimony as to material facts goes. We do not think these facts, standing alone, constitute an estoppel from claiming damages caused by flooding the premises. In the case of *Blake* v. *Cornwell*, 65 Mich. 467 (32 N. W. 803), complainant's minor sons, with their consent, worked on the dam erected by the defendant which caused complainant's lands to be flooded. It was held that this fact, together with others, showed such acquiescence as precluded the complainants from relief by injunction, but nevertheless it was held that they were entitled to recover for the damages done by erecting the dam, and this court awarded them a sum in gross for the damages caused by flooding their lands.

Among the cases which might be cited where this court has refused equitable relief without denying the complaining party relief on the law side of the court, are *Edwards* v. *Mining Co.*, 38 Mich. 46 (31 Am. Rep.

301), *McKee* v. *City of Grand Rapids*, 137 Mich. 200 (100 N. W. 580), and among the cases where this court has fixed damages, while denying relief by injunction, are *Lane* v. *Traction Co.*, 135 Mich. 70 (97 N. W. 354), *Allen* v. *Electric Co.*, 144 Mich. 370 (108 N. W. 79, 115 Am. St. Rep. 453), and *Stock* v. *City of Hillsdale*, 155 Mich. 375 (119 N. W. 435). These cases demonstrate that under varying circumstances a party may be entitled to recover damages for injury to his property, even though he be so situated as to preclude equitable relief, and make clear that we ought not to apply rules to an action at law to recover damages that might be applicable to an equitable action brought for injunction; acquiescence does not always work a complete estoppel.

There is wanting in the undisputed testimony a very essential element to work an estoppel, viz.: Evidence that the defendant relied upon the acts and conduct of the plaintiff's landlord and grantor to its injury. Indeed a jury would have been justified, from the undisputed facts, in believing that the plan of grading this street and filling up this ravine was the plan of the defendant, and would have been put through no matter who it employed as foreman. True, defendant gave testimony tending to show that Zweers requested it to furnish tile, and it furnished them, and left it to Zweers as to where they should be put in. If the defendant furnished the necessary tile for draining the land west of High avenue, including that then owned by Zweers, and left it to Zweers to select the proper location for the drainage, and relied upon him to see that the tile were put in at the right place, and he selected the wrong place, he cannot now, either by himself or his lessee, be heard to complain that the tile were not put in at the right place. But his testimony tends to show that the only tile put in was some put in from 250 to 300 feet from the

ravine, and that he put them in himself; that he wanted to put in a culvert or tile in the ravine and that he requested Mr. Voss, an officer of the company, to furnish tile for that purpose; that they were not furnished; and that he did the work as he was told to do by the company. It is not for the court to determine which of these claims was true. That was a question primarily for the jury.

The weight to be given the testimony of the witnesses and to what extent that testimony was weakened by their conduct, their appearance, or the testimony of other witnesses, presented questions for the jury, and not for the court. The case should have been submitted to the jury. The judgment is reversed, and a new trial granted, with costs of this court to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. MOORE, J., did not sit.